UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X



RASHAR J. PLATTO,

                      Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

----------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

CV-05-3676 (BMC)

COGAN, District Judge.

Plaintiff is a diagnosed schizophrenic who the Commissioner of Social Security nevertheless found is not disabled as that term is defined in 42 U.S.C. § 1382c (2006). Having reviewed the record, this Court agrees. Disability, as defined under the statute, means, in essence, that the plaintiff cannot work at a job that he had prior to or during the period of his disability. The Administrative Law Judge ("ALJ") found that plaintiff can, and there is substantial evidence in the record that supports that conclusion. Accordingly, defendant's motion for judgment on the pleadings is granted and the case is dismissed.

## BACKGROUND

Plaintiff's schizophrenia has manifested itself through hallucinations and voices in his head, which became less severe when he took his prescribed medication. Plaintiff had worked as an office messenger for a few months in 2000, but stopped working by the end of the year, according to plaintiff, because of his mental illness. Beginning in 2001 or 2002, he lived and was a patient at South Beach Psychiatric Center ("South Beach"). At South Beach, plaintiff was

1

treated by psychiatrist Dr. Zoi Douca-Lutz and therapist Fred Simmons. Plaintiff was able to obtain temporary employment through South Beach as a maintenance worker. Plaintiff held that position for six months. South Beach provided plaintiff transportation to and from the job. He had also attended barber school while at South Beach. The record does not disclose if plaintiff completed such training.

Although a non-treating physician who had not examined plaintiff opined in 2002 that plaintiff was unable to work, the medical record suggests a definite improvement in plaintiff's condition by 2004. His treating psychiatrist at South Beach, Dr. Douca-Lutz, treated him regularly between November 3, 2003 and April 19, 2004. She believed that by April, 2004, he was able to take care of his daily living activities and take public transportation. Plaintiff had applied to New York State's Vocational and Educational Services for Individuals with Disabilities. Dr. Douca-Lutz thought he would be able to communicate with peers and supervisors in a work environment, and that he wanted to work. Dr. Douca-Lutz also thought that plaintiff was competent to handle payments. By April of that year, plaintiff attended barber school for several hours a week, plus a full day on Saturdays.

Largely on the basis of Dr. Douca-Lutz's opinion, which was corroborated by plaintiff's social worker, the ALJ found that plaintiff is not disabled.

## DISCUSSION

### I. Procedural Issues

The Court denied plaintiff's application for *in forma pauperis* status, subject to renewal upon a more detailed showing of his financial status. Plaintiff never supplied that information,

and never paid the filing fee. The Commissioner contends that this case should therefore be dismissed. However, having reviewed the record of the hearing that was filed after denial of IFP status, it seems very likely that plaintiff satisfies the requirements for proceeding IFP. Accordingly, the Court *sua sponte* grants plaintiff leave *nunc pro tunc* to proceed *in forma pauperis*.

In addition, plaintiff failed to put in any opposition to the Commissioner's motion for judgment on the pleadings, despite several warnings from the Court that he should do so. Although the Court could dismiss the complaint on that basis, the record is sufficiently straightforward that the Court will determine the merits of defendant's motion.

## II. The Legal Framework

SSI benefits are available to anyone who meets the statutory income and resource requirements of 42 U.S.C. §§ 1382a & 1382b (2006), respectively, and who is deemed "disabled" as that term is defined in 42 U.S.C. § 1382c (2006). There is no question here that plaintiff satisfies the income and resource requirements; the only question, therefore, is whether he is "disabled."

> A person is "disabled" when:
>
> he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 1382c(a)(3)(A) (2006). A "physical or mental impairment" consists of "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic technique." Id. at §

1382c(a)(3)(D). Nonetheless,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. at § 1382c(a)(3)(B).

The Commissioner determines whether a claimant meets the statutory definition of "disabled" in five, successive steps. See 20 C.F.R. § 416.920 (2006); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). These steps may be summarized as follows:

(1) Is the claimant gainfully employed? If he is, then he is not disabled. If he is not, then the analysis proceeds to the second step.

(2) Does the claimant have a "severe" impairment(s) -- i.e., one that significantly limits his physical or mental ability to do basic work activities? If he does not, then he is not disabled. If he does, then the analysis proceeds to the third step.

(3) Does the claimant's impairment(s) meet or equal a "listed impairment"? If it does not, then the analysis proceeds to the fourth step. If it does, then he is disabled.

(4) Does the claimant's impairment(s) prevent him from doing his "past relevant work"? If it does not, then he is not disabled. If it does, then the analysis proceeds to the fifth and final step.

(5) Does the claimant's impairment(s), considered in conjunction with his residual functional capacity, age, education, and past work experience, prevent him from engaging in other substantial gainful work reasonably available in the national economy? If it does not, then he is not disabled. If it does, then he is disabled.

Id. Thus, one can only be deemed "disabled" at the third and fifth steps of the determination, whereas one can be deemed "not disabled" at every step except the third one.

"The burden of proving disability is on the claimant." Mimms v. Heckler, 750 F.2d 180,

185 (2d Cir. 1984). "[O]nce the claimant has established a prima facie case that his impairment prevents his return to his prior employment [step four], it then becomes incumbent on the [Commissioner] to show that there exists alternative substantial gainful work in the national economy which the claimant could perform, considering his physical capability, age, education, experience and training." Id.

In weighing the medical opinion evidence, the ALJ is obligated to adhere to the rules set forth in 20 C.F.R. § 416.927(d) (2006). These rules indicate that, generally, more weight is given to the following: (1) opinions provided by physicians who have actually examined a claimant; (2) opinions provided by a claimant's treating physicians; (3) opinions supported by objective relevant evidence; (4) opinions that are more consistent with the record evidence as a whole; (5) opinions of specialists about medical impairments related to their area of expertise; and (6) opinions that may be supported by any other factors the claimant brings to the Commissioner's attention. Id. However, the Commissioner must give a treating physician's opinion "controlling weight" if his or her opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Id. at § 416.927(d)(2). This is the so-called "treating physician rule."

### III. Scope of Review

Judicial review of SSI benefit determinations is governed by 42 U.S.C. § 1383(c)(3) (2006), which expressly incorporates the standards established by 42 U.S.C. § 405(g) (2006). In relevant part, Section 405(g) provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" Thus, if the

Commissioner's decision is supported by "substantial evidence" and there are no other legal or procedural deficiencies, then his decision must be affirmed. The Supreme Court has defined "substantial evidence" to connote "more than a mere scintilla[;] [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence supports a finding of the Secretary, the court must not look at the supporting evidence in isolation, but must view it in light of the other evidence in the record that might detract from such finding, including any contradictory evidence and evidence from which conflicting inferences may be drawn." Rivera v. Sullivan, 771 F. Supp. 1339, 1351 (S.D.N.Y. 1991).

## IV.   Application

The ALJ properly applied the analytical framework in determining that, despite his severe impairment, plaintiff is not disabled as defined by the statute. She found that plaintiff is not gainfully employed; that he has a severe, but non-listed, impairment; that he is able to perform his past, relatively unskilled work; and that he is therefore not disabled. She found that "while mentally limited, the claimant is nevertheless able to understand, remember and carry out moderately complex instruction and interact appropriately with others in the workplace." Dr. Douca-Lutz' report, plaintiff's treating psychiatrist, provides substantial evidence for that conclusion.

Although not mentioned in the ALJ's Decision, what emerges from the record here is the substantial improvement that plaintiff experienced from his early evaluations in 2001 and 2002 to his latest evaluation in 2004. At the time the ALJ considered plaintiff's application, plaintiff

had successfully worked for six months in a temporary maintenance position arranged for by South Beach and had begun training to become a barber. Plaintiff's prior substantial employment was as a messenger in an office. Plaintiff's job consisted of delivering mail and the occasional box by using a push-cart, a task that the ALJ found he was still capable of performing.

Plaintiff's main stated reason for asserting that he was unable to work was his fear that the voices in his head would re-emerge and prevent him from behaving normally. This concern merely expresses a fear that Plaintiff may become disabled in the future despite the fact that he is not now disabled. If plaintiff's condition worsens to a disabling degree, plaintiff can re-file for benefits at that time. Such a future possibility does not undermine the ALJ's determination that plaintiff does not now qualify for benefits.

This case has been considerably delayed by plaintiff's failure to timely respond. The Court hopes that his lack of interest in pursuing this case is an indication that his situation has continued to improve and that he no longer felt the need to proceed in this Court.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings is granted, and the complaint is dismissed. The Clerk is directed to set this matter to IFP status and close the file.

**The Clerk is directed to mail a copy of this Order to the plaintiff *pro se*.**

**SO ORDERED.**

Dated: Brooklyn, New York
September 18, 2006

/s/(BMC)
_____
U.S.D.J.